# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE MURRAY, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 98-5866 |
| v. | : | |
| DONALD VAUGHN, et al., | : | |
| Respondents. | : | |

June _24__, 2015                                                                       **Anita B. Brody, J.**

## MEMORANDUM

Presently pending is Petitioner Bruce Murray's Motion for Reconsideration Relief [From] Judgment Pursuant to Rule 60(b)(1, 2, 3, 4) New Exception to Default Rule Actual Innocence. *See* ECF No. 45. Murray argues that he is entitled to relief pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). Because Murray's Rule 60 motion is not timely, it will be denied.

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). All motions filed pursuant to Rule 60(b) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

1

What constitutes a reasonable time depends on the circumstances of each case.  *See Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

In *Martinez v. Ryan*, the Supreme Court recognized that a claim of ineffective assistance of counsel at the initial collateral review stage could, in some circumstances, excuse procedural default of a petitioner's claim and allow for federal habeas review.  *See* 132 S. Ct. at 1320. Recognizing that *Martinez* effected an important change in the Supreme Court's habeas corpus jurisprudence, the Third Circuit  in *Cox* provided guidance for district courts considering *Martinez*-based Rule 60(b) motions in *habeas* cases.  *See Cox*, 757 F.3d at 115-16.

In *Cox,* the Third Circuit made clear that "one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis . . . is whether the 60(b)(6) motion under review was brought within a reasonable time of the *Martinez* decision."  *Id.*  It noted that "unless a petitioner's motion for 60(b)(6) relief based on *Martinez* was brought within a reasonable time of that decision, the motion will fail."  *Id.* at 116.  The panel did not provide a specific time frame that it deemed reasonable, stating only that the petitioner's motion, which was filed roughly 90 days after the *Martinez* decision, "[was] close enough to that decision to be deemed reasonable." *Id*.

By contrast, Murray's motion is untimely.  The Supreme Court issued its opinion in *Martinez* on March 20, 2012.  *See* 132 S. Ct. at 1309.  Murray filed his Rule 60(b) motion on January 9, 2015, almost three years after *Martinez* was decided.  *See* ECF No. 45.  This delay is far greater than the 90-day period the Third Circuit held reasonable in *Cox*, and precludes relief pursuant to 60(b).  *See, e.g.*, *Gatewood v. Attorney Gen. of Pa.*, No. 00-6116, 2015 WL 3466856, at *2 (E.D. Pa. June 1, 2015) (finding 60(b) motion pursuant to *Martinez* untimely when it was filed April 8, 2015); *Ming v. Tennis*, No. 06-1673, 2015 WL 3448599, at *2 (E.D. Pa. May 28,

2015) (finding 60(b) motion pursuant to *Martinez* untimely when it was filed May 5, 2015);

*Joseph v. Beard*, No. 02-2744, 2015 WL 1443970, at *5 (E.D. Pa. Mar. 27, 2015) (finding 60(b)

motion untimely filed because petitioner "wait[ed] more than two years after *Martinez* to file").

Murray fails to present any extraordinary circumstances that justify his delay.

A certificate of appealability shall issue only if a petitioner establishes "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Murray has

not made such a showing. No certificate of appealability will issue.

 

 

 

 

___s/ANITA B. BRODY_____

ANITA B. BRODY, J.

 

 

Copies **VIA ECF** on _____ to:                Copies **MAILED** on _____ to:

 

O:\ABB 2015\L - Z\Murray v Vaughn Memo denying 60b.docx