# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE MURRAY, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 98-5866 |
| v. | : | |
| DONALD VAUGHN, et al., | : | |
| Respondents. | : | |

**December 2, 2020**                                                                                                   **Anita B. Brody, J.**

## EXPLANATION AND ORDER

On January 23, 2018, Petitioner Bruce Murray filed a *pro se* Motion Pursuant to Rule 60(b) (1, 2, 3, 4, 6) Relief From Judgment/Order[1]. *See* ECF No. 56. On March 19, 2020, Murray filed a supplement to his motion. *See* ECF No. 79. This is Murray's third 60(b) motion relating to the denial of his petition for habeas corpus. *See* ECF No. 27. On October 5, 2004, Murray filed his first *pro se* 60(b) motion. *See* ECF No. 29. On May 19, 2005, I denied the motion because it was untimely and it failed to present "extraordinary or special circumstances" to warrant relief. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004); ECF No. 36. On January 9, 2015, Murray filed his second *pro se* 60(b) motion. *See* ECF No. 45. He also raised claims of actual innocence for the first time. *See id.* at 4-5; 49-53. And on June 25, 2015, I denied the motion as untimely. *See* ECF No. 50. Because the motion was untimely, I did not consider Murray's claims of actual innocence.

---

[1] To the extent that Murray seeks review of claims that are not related to a defect in his federal habeas proceeding, which he appears to at times, his motion must be construed as a successive petition. *See* ECF No. 56 at 3, 27 (raising arguments of ineffective assistance of counsel in his state court proceedings). Because Rule 60(b) motions may only raise defects in the federal court proceeding, any arguments outside that context are unauthorized and may not be considered. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Murray must pursue the proper channels in order to raise an authorized successive petition.

In this present motion, Murray argues that he is entitled to relief pursuant to *McQuiggin v. Perkins*, 569 U.S. 383 (2013) and *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152 (3d Cir. 2017). He again raises claims of actual innocence. *See* ECF No. 56 at 3; 13-16; ECF No. 79 at 1-3.

The Supreme Court held in *McQuiggin v. Perkins*, that proof of actual innocence allows a petitioner to pursue habeas corpus relief regardless of any procedural bar. 569 U.S. at 387. Recognizing that *McQuiggin* effected a foundational change in the Supreme Court's habeas corpus jurisprudence, the Third Circuit in *Satterfield* provided guidance for district courts considering *McQuiggin*-based Rule 60(b)(6) motions in habeas cases. 872 F.3d at 161-62. In *Satterfield*, the Third Circuit declared that "if a petitioner can make a showing of actual innocence, *McQuiggin's* change in law is almost certainly an exceptional circumstance" to warrant relief under 60(b)(6). *Id.* at 163. Accordingly, the Third Circuit directed district courts to focus "primarily on determining whether [petitioner] has made an adequate showing of actual innocence to justify relief" when analyzing 60(b)(6) motions. *Id.*

Recently, the Third Circuit provided additional guidance for 60(b)(6) motions in habeas cases when petitioners rely on *Satterfield*. In *Howell v. Superintendent Albion SCI et al.*, the Third Circuit characterized *Satterfield* as a "course correction" and "change in law" in which petitioners could seek relief. -- F.3d --, 2020 WL 6155671, at *5 (3d Cir. Oct. 21, 2020). Because Murray filed his third *pro se* 60(b) motion in January 2018, a few months after the change in law in *Satterfield*, Murray's motion is not untimely. Therefore, Murray's claims of actual innocence must now be considered to determine whether he has presented an exceptional circumstance to justify relief.

# **ORDER**

**AND NOW**, this 2nd day of December 2020, it is **ORDERED** that:

1. Michael Engle is appointed to represent the petitioner in the above entitled case for purposes of the petitioner's pro-se motion for relief from judgment (ECF No. 56; ECF No. 79).

2. The state court record from *Commonwealth v. Murray*, CP-51-CR-1111091-1982, be produced and docketed.

_s/ANITA B. BRODY, J.__

ANITA B. BRODY, J.

Copies Sent **VIA ECF**