# EXHIBIT 65

**SWENSON & COHEN**
By PAMELA PRYOR COHEN, ESQ.
I.D. #25381
SUITE 716, ROBERT MORRIS BUILDING
1701 ARCH STREET
PHILADELPHIA, PA 19103                    Attorney for Defendant
TEL. (215) 568-2121

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

COMMONWEALTH OF PENNSYLVANIA        :            TERM, 198

                                    :

        VS.                         :    NO.  8211   1109-1114

                                    :

BRUCE MURRAY                        :    CRIMINAL DIVISION

RULE TO SHOW CAUSE

**TIME OF TRIAL**

    AND NOW, this ___ day of ___ , 1983, upon

consideration of defendant's attached Omnibus Motion, it is hereby

Ordered that a Rule is granted upon the District Attorney of Philadelphia

County to show cause, if any there be, why the relief sought therein

should not be granted.

    Rule returnable with hearing the ___ day of ___ ,

1983, or before trial, in Court Room _6/3_ , City Hall, Philadelphia,

PA, at ___ .m.

                            BY THE COURT:

                            Fibner /s/
                            _____
                                                  J.

COPY FOR BOB MARAND

BruceMurrayDAOFiles0326

**SWENSON & COHEN**
By PAMELA PRYOR COHEN, ESQ.
I.D. #25381
SUITE 716, ROBERT MORRIS BUILDING
1701 ARCH STREET
PHILADELPHIA, PA 19103
TEL. (215) 568-2121

RECEIVED

JAN -6 1983

CLERK OF
QUARTER SESSIONS

Attorney for Defendant

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

| COMMONWEALTH OF PENNSYLVANIA | : | TERM, 198 |
| | : | |
| VS. | : | NO. 8211 1109-1114 |
| | : | |
| BRUCE MURRAY | : | CRIMINAL DIVISION |

O R D E R

AND NOW, this _____ day of _____, 198 , upon consideration of the within Omnibus Motion, it is hereby Ordered that all statements made by defendant, and all physical evidence seized by Pennsylvania Law Enforcement Officers from defendant or his residence, and all evidence derived therefrom, be suppressed and not be received into evidence, the Commonwealth being precluded from using same, and no testimony or comment shall be received respecting same. Further, Defendant's other requested relief is hereby granted.

BY THE COURT:

_____ J.

BruceMurrayDAOFiles0327

# SWENSON & COHEN
By PAMELA PRYOR COHEN, ESQ.
I.D. #25381
SUITE 716, ROBERT MORRIS BUILDING
1701 ARCH STREET
PHILADELPHIA, PA 19103
TEL. (215) 568-2121

Attorney for Defendant

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

COMMONWEALTH OF PENNSYLVANIA     :       TERM, 198

                             :

         VS,               NO.   8211   1109-1114

                             :

BRUCE MURRAY            :   CRIMINAL DIVISION

### OMNIBUS MOTION

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

         Defendant   BRUCE MURRAY         , by his attorney, Pamela P. Cohen, Esq., hereby moves, pursuant to Pa. Rules of Criminal Procedure 306, for suppression of evidence hereinafter described, and all other evidence derived therefrom, and such other relief as is specified below, and in support thereof,   BRUCE MURRAY       states the following facts, grounds, and specific relief sought:

B. MURRAY
FED LIT 2022

BruceMurrayDAOFfles0328

## SEVERANCE

1.  Commonwealth has notified counsel that defendant will be tried jointly with co-defendant, Tyrone Wesson.

2.  Defendants' defenses are inconsistent and harmful.

3.  Statements were made by the co-defendant which implicate defendant and may be used by the Commonwealth.

4.  Defendant will call co-defendant as a witness to testify.

5.  Defendant will be prejudiced by evidence offered against co-defendant.

6.  This matter is potentially a capital matter and joint trial and sentencing hearings would be highly prejudicial.

7.  Failure to grant severance will violate defendant's rights under the Pennsylvania and United States Constitutions, the Pennsylvania Rules of Criminal Procedure, and the Provisions of 42 Pa CSA 9711.

WHEREFORE, defendant prays this Honorable Court to sever this matter from proceedings against the co-defendant.

BruceMurrayDAOFiles0329

## APPOINTMENT OF INVESTIGATOR

     1.  Preparation of this case will require interviewing many witnesses and conducting extensive interviews with them.

     2.  Preparation of this case will require on site examination of locations relevant to this matter.

     3.  Many of the witnesses are difficult to locate.

     4.  Counsel lacks sufficient time, resources and expertise to accomplish this necessary trial preparation without assistance.

     WHEREFORE, counsel requests this Honorable Court to appoint, at Commonwealth expense, a private investigator in this matter.

B. MURRAY FED LIT 2022

## APPOINTMENT OF INDEPENDENT FORENSIC PATHOLOGIST:

1.   Commonwealth alleges that defendant and/or others killed the victim by shooting.

2.   Commonwealth's witness at the preliminary hearing presented testimony inconsistent with the medical examiner's report and police reports with respect to the number and source of gunshots.

3.   Counsel requires expert assistance in ascertaining the source of the victim's wounds.

WHEREFORE, defendant prays this Honorable Court to appoint, at court expense, an independent forensic pathologist to assist in preparation for trial.

BruceMurrayDAOFiles0331

## APPOINTMENT OF CLINICAL SOCIAL WORKER

      1.  Defendant has been charged with crimes which, if he is convicted, may result in the Commonwealth seeking the death penalty.

      2.  Very little time will be available between quiet and sentencing phases if defendant is convicted of first degree murder.

      3.  In the event that such a sentencing hearing is required, defense counsel will need assistance in developing necessary evidence of mitigating circumstances.

      4.  Such preparation must include a thorough investigation of defendant's personal, social, psychological and medical history.

      WHEREFORE, defendant prays this Honorable Court to appoint, at Court expense, an experienced clinical social worker to assist in this preparation.

B. MURRAY FED LIT 2022

## LINE-UP IDENTIFICATION

      1. Investigation by the Philadelphia Police Department reveals at least one possible eyewitness, one George Young.

      2. Said witness has not had an opportunity since the alleged crime to see or identify defendant.

      WHEREFORE, defendant prays this Honorable Court to order a line-up identification at which George Young and any other potential eyewitnesses attempt to identify the perpetrators.

BruceMurrayDAOFiles0333

<u>SUPPRESSION</u>

1. Defendant was arrested on September 11, 1982, pursuant to body warrant #112875.

2. On September 11, 1982, co-defendant, Tyrone Wesson, was arrested pursuant to body warrant #112876.

3. On April 1, 1982, Douglas Haughton was arrested pursuant to body warrant #108545.

4. On approximately March 22, 1981, Gregory Holden was arrested pursuant to body warrant #99225.

5. As a result of said arrests, statements were procured from defendants and identifications were made.

6. Said arrest warrants were not applied for, issued, or executed in conformity with the Pennsylvania Rules of Criminal Procedure and there were no exigent circumstances justifying warrantless arrests.

7. Said arrests were made without probable cause and in violation of the rights of defendant and co-defendants under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant requests that all statements taken from defendant and/or co-defendants be suppressed.

BruceMurrayDAOFiles0334

## PSYCHIATRIC EXAMINATION OF DOUGLAS HAUGHTON AND TYRONE WESSON

1. Douglas Haughton, a co-defendant, is the Commonwealth's chief witness in this matter. Haughton's testimony has been secured in return for a plea bargain.

2. Haughton has a history of extreme anti-social, psychopathic, and possibly psychotic behavior. He has a history of serious drug use, possible sub-normal intelligence, medical illness, and violent behavior.

3. The weight and competence of this witness's testimony is highly questionable.

4. Tyrone Wesson, a co-defendant in this matter, has a history of anti-social behavior, psychopathic behavior, mental instability and drug use.

5. The weight and competence of this witness's testimony is highly questionable.

WHEREFORE, defendant prays this Honorable Court to order, at Court expense, extensive independent psychiatric examinations of Douglas Haughton and Tyrone Wesson.

BruceMurrayDAOFiles0335

## NOTICE OF CAPITAL CASE

     1.  Defendant is charged with first degree murder.

     2.  The Commonwealth has failed to notify defendant as to whether it intends to proceed in this matter as a capital case.

     3.  Lacking such information, defendant is not properly notified of the offenses charged, nor is he able to adequately prepare his defenses, in violation of his rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

     WHEREFORE, defendant respectfully requests this Honorable Court to Order the Commonwealth to notify defendant whether this matter will be a capital case, or, in the alternative, bar the Commonwealth from treating this as a capital matter.

BruceMurrayDAOFiles0336

## OBJECTION TO SINGLE-JURY PROCEDURE

     1.  42 Pa. CSA 9711 permits the jury which hears the guilt portion of a capital case to also hear the sentencing evidence.

     2.  This system violates defendant's constitutional rights in that it permits the sentencing jury to hear evidence of aggravating factors other than those factors delineated in the statute, which evidence is inflammatory and highly prejudicial.

     3.  This procedure violates defendant's rights under the United States and Pennsylvania Constitutions, the Pennsylvania Rules of Criminal Procedure, and the requirements of 42 Pa. C.S.A. 9711.

     WHEREFORE, defendant prays this Honorable Court to declare 42 Pa. C.S.A. 9711 unconstitutional and invalid on its face, or in the alternative, unconstitutional and invalid insofar as it permits a sentencing jury to hear improper evidence.

BruceMurrayDAOFiles0337

BAR TO INTRODUCTION OF AGGRAVATING CIRCUMSTANCES

1. Informations have been drawn against defendant in this matter, charging him with several crimes.

2. None of these informations provide defendant with notice as to which, if any, aggravating circumstances the Commonwealth will rely on in the event of a death penalty hearing.

3. Defendant is, therefore, unable to properly prepare his defense, in violation of his rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant prays this Honorable Court to bar the Commonwealth from introducing evidence or argument concerning aggravating circumstances.

BruceMurrayDAOFiles0338

## DEATH PENALTY AGGRAVATING CIRCUMSTANCES OVERBROAD

1. One of the aggravating circumstances listed in 42 Pa. C.S.A. 9711 is "killing while in perpetration of a felony." This definition, as it includes all felonies, including assault and non-violent felonies, makes the statute overbroad in that it establishes an aggravating circumstance in all killings.

2. This statutory scheme violates defendant's rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant prays this Honorable Court to declare the entire statutory scheme null and void and ban all proceedings thereunder, or, in the alternative, to delete the above described factor from the list of aggravating circumstances which may be considered.

BruceMurrayDAOFiles0339

## OBJECTION TO DEATH QUALIFIED (WITHERSPOON) JURY

1. The Commonwealth, having charged defendant with first degree murder, may wish to qualify jurors as to their willingness to inflict a death penalty, thus disqualifying all jurors who object to the death penalty.

2. This method of jury qualification deprives defendant of a fair and impartial jury of his peers.

3. This method of jury qualification unfairly disadvantages defendant in that it tends to inflict upon him a jury which is more likely to convict a defendant than would a jury more representative of the general population.

4. This method of jury selection deprives defendant of his rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant prays this Honorable Court to bar the Commonwealth from qualifying potential jurors as to their willingness to inflict the death penalty.

BruceMurrayDAOFiles0340

## DEATH PENALTY UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED

1. The death penalty is applied in a racially discriminatory manner against black men, a class to which defendant belongs.

2. The death penalty is cruel and unusual punishment.

3. The death penalty reflects neither the wishes of a substantial segment of society nor does it serve the legitimate aims of society such as deterrence or vengeance.

4. The death penalty violates defendant's rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant respectfully requests this Honorable Court to bar all proceedings under the Pennsylvania death penalty statute 42 Pa. C.S.A. 9711.

B. MURRAY
FED LIT 2022

## DEATH PENALTY UNCONSTITUTIONAL BECAUSE LANGUAGE IS MANDATORY

1. 42 Pa. C.S.A. 9711 requires the death penalty where aggravating circumstances outweigh mitigating circumstances or when there are all aggravating circumstances and no mitigating circumstances.

2. This scheme makes the death penalty mandatory in these cases and thereby violates defendant's rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant prays this Honorable Court to declare 42 Pa. C.S.A. 9711 null and void and to bar all proceedings thereunder.

BruceMurrayDAOFiles0342

## DEATH PENALTY STATUTE UNCONSTITUTIONAL IN PLACEMENT OF BURDEN OF PROOF

1.  42 Pa. C.S.A. 9711 places the burden of proof upon defendant to establish mitigating circumstances.

2.  This shifts the burden from the Commonwealth which should properly be required to prove all elements of its case, including absence of mitigating circumstances, beyond a reasonable doubt.

3.  Defendant is thereby denied his rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant prays this Honorable Court to declare the said statute null and void and to bar all proceedings thereunder.

BruceMurrayDAOFiles0343

## DEATH PENALTY STATUTE PROVIDES CONSTITUTIONALLY DEFECTIVE REVIEW PROCEDURES

1.   As required by <u>Gregg v. Georgia</u>, 428 U.S. 153, the courts of Pennsylvania provide automatic review of death penalty cases.

2.   This review procedure is inadequate in that it affords no comparison of capital with non-capital cases, nor does it provide administrative assistance in obtaining comparative data about cases in derogation of defendant's rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

WHEREFORE, defendant prays this Honorable Court to declare 42 Pa. C.S.A. 9711 null and void and to bar all proceedings thereunder.

BruceMurrayDAOFiles0344

## DEATH PENALTY STATUTE ARBITRARY

      1.  Pennsylvania courts always allow jury instructions on a lesser, non-capital degree of homicide in potentially capital cases.

      2.  The above system is excessively arbitrary and thereby violates defendant's rights under the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure.

      WHEREFORE, defendant prays this Honorable Court to declare 42 Pa. C.S.A. 9711 null and void and bar all proceedings thereunder.

BruceMurrayDAOFiles0345

DEATH PENALTY STATUTE VIOLATES SEPARATION OF POWERS

      1.  42 Pa. C.S.A. 9711 violates defendant's rights under the Pennsylvania Constitution in that it violates the separation of powers requirements of Article V, §310.

      WHEREFORE, defendant prays this Honorable Court to declare 42 Pa. C.S.A. 9711 null and void and bar all proceedings thereunder.

BruceMurrayDAOFiles0346

## REQUEST FOR PRE-TRIAL CONFERENCE

Prior to trial, defendant respectfully requests this Honorable Court to schedule a pre-trial conference with counsel.

Respectfully submitted,

_Pamela P. Cohen_

PAMELA P. COHEN, ESQ.
Attorney for Defendant

BruceMurrayDAOFiles0347

I have examined this matter and from the available facts certify that there is a proper legal and factual basis for the filing of this Motion.

PAMELA P. COHEN, ESQ.
Counsel for Defendant

BruceMurrayDAOFiles0348

## CERTIFICATE OF SERVICE

I, PAMELA P. COHEN, ESQ., hereby certify that a copy of the foregoing has been served upon the District Attorney of Philadelphia County, 1300 Chestnut Street, Philadelphia, PA 19107, by regular U. S. Mail, postage prepaid.

Date: 1/5/83

PAMELA P. COHEN, ESQ.
Counsel for Defendant

BruceMurrayDAOFiles0349