IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE MURRAY, | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | No. 98-5866 |
| v. | : | |
| DONALD VAUGHN, et al., | : | |
|     Respondents. | : | |

## ORDER

**AND NOW,** this __27th__ day of March, 2023, it is **ORDERED** that:

(1) Petitioner's Motion for Leave to Exceed Page Limit (ECF No. 100) is **GRANTED**.

(2) Petitioner's Motion to Expand the Factual Record (ECF No. 102) is **GRANTED**. All the exhibits cited in Petitioner's Brief in Support of his Motion for Relief from Final Order and Judgment Pursuant to Rule of Civil Procedure 60(b) (ECF No. 101) are moved into the record. The parties must meet and confer and arrange for the filing of copies of the volumes of the notes of testimony from the state court proceedings.

(3) Petitioner's Counseled and Amended Motion for Relief from Final Order and Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 101) is **GRANTED**.[1] The

---

[1] Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Despite the open-ended nature of the provision, a district court may only grant relief under Rule 60(b)(6) in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Satterfield v. Dist. Att'y of Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (internal quotation marks omitted). In the Third Circuit, one "extraordinary circumstance" under Rule 60(b)(6) is the change in law announced by the Supreme Court's ruling in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *See Satterfield*, 872 F.3d at 158, 162-63. In *McQuiggin*, the Court held that a showing of actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386. To pass through this gateway, the habeas petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Following the change in law announced by *McQuiggin*, the Third Circuit held that "a proper demonstration of actual innocence . . . should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weigh heavily in the other direction." *Satterfield*, 872 F.3d at 163. In this case, the government agrees that petitioner "has put forward compelling evidence supporting his claim of innocence" and that relief under Rule 60(b)(6) is appropriate. Resp. Mem. (ECF No. 108) at 18. This concession is "entitled to and given great weight," *Sibron v. New York*, 392 U.S. 40, 58 (1968), because "[i]n our adversarial system of adjudication, we follow the principle of party

Court's judgment denying Petitioner's Writ of Habeas Corpus (ECF No. 27) is **VACATED** pursuant to Federal Rule of Civil Procedure 60(b)(6).

(4) Petitioner's request for leave to file an Amended Petition for Writ of Habeas Corpus is **GRANTED**. Petitioner must file an Amended Petition **on or before May 26, 2023**.

S/Anita B. Brody
ANITA B. BRODY, J.

Copies ecf _____ to:

Copies mailed 03-27-2023 to:
Donna G. Zucker, Esq.
Louis M. Natali, Jr., Esq.

---

presentation," *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). The court is satisfied with the government's analysis and accepts its conclusion that the petitioner merits relief under Rule 60(b)(6).