# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### Petition for Relief from a Conviction or Sentence
### By a Person in State Custody
### (Petition Under <u>28 U.S.C. § 2254</u> for a Writ of Habeas Corpus)

## <u>INSTRUCTIONS</u>

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from conviction of the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, <u>see</u> Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, <u>see United States v. Thomas</u>, 221 F. 3d 430 (3d Cir. 2000)).

4.  Make sure the form is typed or neatly written.

5.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

6.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or argument, you must submit them in a separate memorandum.

7.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an Application to Proceed in District Court without Prepaying Fees or Costs. **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

8.      In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.      As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10.     As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11.     As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

(A)     the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

(B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12.     When you have completed this form, send the original and **these instructions** to the Clerk of the United States District Court at this address:

**Clerk**
**United States District Court**
**for the Eastern District of Pennsylvania**
**601 Market Street, Room 2609**
**Philadelphia, PA 19106**

13. **<u>CAUTION</u>: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

14. **<u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
# BY A PERSON IN STATE CUSTODY

| United States District Court | District:  Eastern District of Pennsylvania |
|---|---|
| **Name (under which you were convicted):**<br><br>  Bruce Murray | **Docket or Case No.:**<br><br> 98-cv-5866 |
| **Place of Confinement:**  SCI Chester | **Prisoner No.:**    AY2900 |

| **Petitioner** (Include the name under which you were convicted):<br><br>Bruce Murray | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner):<br><br>Gina Clark, Superintendent of SCI-Chester |
|---|---|
| **V.** | **and** |

**The District Attorney of the County of:** Philadelphia

**and**

**The Attorney General of the Commonwealth of:**  Pennsylvania

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging:

     Court of Common Pleas of Philadelphia County, Pennsylvania

_____

_____

   (b)  Criminal docket or case number (if you know): CP-51-CR-1111091-1982

2.  (a)  Date of judgment of conviction (if you know): June 24, 1983

   (b)  Date of sentencing:  April 24, 1984

3.  Length of sentence:  Life imprisonment without parole for second-degree murder, and 1-2 years' imprisonment

     for conspiracy and possession of an instrument of a crime to run consecutively.

4.  In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:  Second-degree murder

   conspiracy, possession of an instrument of a crime, and robbery

_____

_____

6.    (a)   What was your plea?  (Check one)

         ☒ (1)     Not Guilty            ☐ (3)     Nolo contendere (no contest)

         ☐ (2)     Guilty                ☐ (4)     Insanity plea

     (b)   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

     (c)   If you went to trial, what kind of trial did you have? (Check one)

         ☒ Jury          ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☒ Yes          ☐ No

8.    Did you appeal from the judgment of conviction?

     ☒ Yes          ☐ No

9.    If you did appeal, answer the following:

     (a)   Name of court: <u>Pennsylvania Superior Court</u>

     (b)   Docket or case number (if you know): <u>No. 01505 Philadelphia, 1984</u>

     (c)   Result: <u>Affirmed judgment of conviction and sentence</u>

     (d)   Date of result (if you know): <u>11/01/1985</u>

     (e)   Citation to the case (if you know): <u>*Commonwealth v. Murray*, 505 A.2d 1035 (Pa. Super. Nov. 1, 1995)</u>

     (f)   Grounds raised: <u>(1) Trial court erred in refusing to sever trial of the codefendants; (2) trial court erred in excluding jurors who were unalterably opposed to the death penalty; (3) trial court erred in refusing to strike testimony of the assistant medical examiner which varied in some respects from his autopsy report which was furnished to defense counsel; and (4) appellant was entitled to a new trial because of prosecutorial  misconduct.</u>

         <u>See  Attachment  "3"</u>

     (g)   Did you seek further review by a higher state court?

         ☒ Yes          ☐ No

If yes, answer the following:

(1) Name of court: <u>Pennsylvania Supreme Court</u>

(2) Docket or case number (if you know): <u>No. 1372 E.D. Allocatur Docket 1985</u>

(3) Result: <u>Dismissed petition for allowance of appeal</u>

(4) Date of result (if you know): <u>11/26/1986</u>

(5) Citation to the case (if you know): <u>See Attachment "5"</u>

(6) Grounds raised: <u>Unknown. In 2000, Magistrate Judge Diane M. Welsh noted that she "ha[d] not been provided with a copy of the direct appeal petition to teh Pennsylvania Supreme Court," and that she therefore was "not certain whether the petitioner's Bruton claim was actually raised in the direct appeal allocatur petition." *See* Attachment "38." Undersigned counsel has been unable to locate a copy, but this does not affect Petitioner's claims because he has overcome the procedural-default rule.</u>

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes      ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☒ Yes      ☐ No

10.    If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: <u>Court of Common Pleas of Philadelphia County, Pennsylvania</u>

(2) Docket or case number (if you know): <u>CP-51-CR-1111091-1982</u>

(3) Date of filing (if you know): <u>12/30/1986 (amended on 03/14/1988)</u>

(4) Nature of the proceeding: <u>Pennsylvania Post-Conviction Hearing Act Petition</u>

(5) Grounds raised: <u>(i) Petitioner's direct appellate counsel was ineffective for failing to raise in petitioner's appeal the issue of the prosecutor's use of peremptory strikes in a racially discriminatory manner in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); (ii) Petitioner's Sixth Amendment rights were violated by the use of a codefendant's redacted confession which alluded to and clearly identified petitioner; and (iii) After-discovery exculpatory evidence was not considered despite its relevance to petitioner's actual innocence.</u>

<u>See Attachments "6" and "7"</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☒ Yes    ☐ No

(7) Result:  Denied post-conviction relief. See Attachment 9"

(8) Date of result (if you know):  11/30/1995

(b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court: Court of Common Pleas of Philadelphia County, Pennsylvania

  (2) Docket or case number (if you know): CP-51-CR-1111091-1982

  (3) Date of filing (if you know): 02/03/2006

  (4) Nature of the proceeding: Pennsylvania Post-Conviction Relief Act Petition (Acting Pro Se)

  (5) Grounds raised: (i) Newly discovered exculpatory evidence entitled petitioner to relief; and

    (ii) Governmental interference deprived petition of fair trial because prosecution deliberately

    excluded African Americans from the jury by engaging in and executing a policy of discrimination

    against African Americans from service on the jury.

    See Attachment "12"

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

  (7) Result:  Dismissed as untimely filed. See Attachment "13"

  (8) Date of result (if you know):  05/13/2008

(c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: Court of Common Pleas of Philadelphia County, Pennsylvania

  (2) Docket or case number (if you know): CP-51-CR 1111091-1982

  (3) Date of filing (if you know): 07/26/2011

  (4) Nature of the proceeding: Pennsylvania Post-Conviction Relief Act Petition (Acting Pro Se)

  (5) Grounds raised: (i) Newly discovered exculpatory evidence entitled petitioner to relief; and (ii) the

    prosecutor knowingly used false testimony to secure petitioner's conviction.

    See Attachment "16"

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7)  Result:  Dismissed as untimely. See Attachment "17"

(8)  Date of result (if you know):  10/04/2013

**NOTE: Petitioner filed five additional post-conviction relief petitions in state court. The relevant filings are attached as Attachments "20" to "34." None of the claims in those petitions were addressed on the merits. The petitions were dismissed as either untimely or premature.**

(d)  Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1)  First petition:      ☒  Yes        ☐  No

(2)  Second petition:     ☒  Yes        ☐  No

(3)  Third petition:      ☒  Yes        ☐  No

(e)  If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

11.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.  **(Please see attached for additional grounds).**

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**  Petitioner's rights under the Confrontation Clause of the Sixth and Fourteenth Amendments were violated by the prosecution's use of a non-testifying codefendant's confession with redactions that made it obvious to the jury that he was the "other guy [who] went to the door" with the codefendant and "the guy with [the codefendant]" when the murder occurred, in violation of *Bruton v. United States*, 391 U.S. 123 (1968); *Richardson v. Marsh*, 481 U.S. 200 (1987); and *Gray v. Maryland*, 523 U.S. 185 (1998). *See also Freeman v. Superintendent*, --- F.4th ----, 2023 WL 2544855, at *10 n.7 (3d Cir. March 17, 2023); *Johnson v. Superintendant Fayette SCI*, 949 F.3d 791 (3d Cir. 2020); *Vazquez v. Wilson*, 550 F.3d 270 (3d Cir. 2008); *Washington v. Sec'y Pa. Dep't of Corr.*, 801 F.3d 160 (3d Cir. 2015).

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was tried jointly with two codefendants: Tyrone Wesson and Gregory Holden. Before trial, Wesson confessed to his own involvement in the crime, and that confession implicated petitioner by name. At trial, a fourth man (Douglas Haughton) testified that he and the three other men participated in the crime, that he and Holden stood lookout outside the decedent's house while petitioner and Wesson were the actual robbers who went inside the decedent's house, and that petitioner and Wesson shot the decedent in the course of the attempted robbery. Wesson's redacted confession was introduced into evidence at trial, and his statement was redacted to eliminate petitioner's name. However, the redactions consisted merely of substituting petitioner's name with the "other guy [who] went to the door" and "the guy with [Wesson]" inside the decedent's house. The redacted confession tracked Haughton's testimony from the planning session ("three guys at one of their houses") through the robbery and the shooting. The redacted confession divided the robbers into two groups: First, the lookouts were "two guys" (Holden and Haughton). Second, the actual robbers were "me [Wesson] and one other guy." The redacted confession clearly implicated petitioner as the "one other guy" with Wesson who went inside the decedent's house to commit the robbery.

(b)  If you did not exhaust your state remedies on Ground One, explain why: __N/A__

_____

_____

_____

**(c)  Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☒ Yes        ☐ No

(2)  If you did not raise this issue in your direct appeal, explain why? __N/A__

_____

_____

**(d)  Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __Pennsylvania Post-Conviction Relief Act Petition__

Name and location of the court where the motion or petition was filed: __Court of Common Pleas of__ __Philadelphia County, Pennsylvania__

Docket or case number (if you know): __CP-51-CR-1111091-1982__

Date of the court's decision: __11/30/1995__

Result (attach a copy of the court's opinion or order, if available): __Denied the issue on the merits__ __and held that use of the redacted confession was not an error. See Attachment "9"__

(3)  Did you receive a hearing on your motion or petition?        ☒ Yes        ☐ No

(4)  Did you appeal from the denial of your motion or petition?        ☒ Yes        ☐ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes        ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Superior Court of Pennsylvania__

_____

Docket or case number (if you know): __No. 04273 Philadelphia 1995__

Date of the court's decision: __11/13/1996__

Result (attach a copy of the court's opinion or order, if available): Upheld denial of claim on merits.
See Attachment "10"

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

_____

_____

**GROUND TWO:** Petitioner was deprived of his right to equal protection under the Fourteenth Amendment to the U.S. Constitution because the prosecutor used peremptory challenges to exclude black venirepersons based on race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Of the nineteen peremptory challenges used by the prosecution, at least fourteen, and possibly as many as seventeen, were used against black venirepersons. Petitioner's counsel made repeated objections, and after five black venirepersons had been peremptorily challenged by the prosecution, the trial court---on three separate occasions---asked the prosecutor to explain his use of the challenges. This was prompted by counsel's statement that the prosecutor's action "was part and parcel of [the Philadelphia District Attorney's Office] policy" to strike black venirepersons. The prosecutor refused to provide a race-neutral explanation. The trial court also noted, "I have been presiding in several murder cases, and it does appear that there are substantial number of challenges where the defendants are black and it is out of proportion to what would ordinarily be expected. Now in this case, counsel suggests that there is a pattern to exclude jurors peremptorily because they are black." The prosecutor continued to use peremptory strikes against black venirepersons without ever providing a race-neutral explanation. Only one black citizen served on the jury at petitioner's trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Petitioner has satisfied the exhaustion requirement on Ground Two because it is clear that his *Batson* claim is now procedurally barred under Pennsylvania law due state timeliness rules. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that the exhaustion requirement is satisfied if it is clear that [the petitioner's] claims are now procedurally barred under Pennsylvania law"). Noncompliance with state timeliness rules is not a procedural bar to petitioner's *Batson* claim because he has satisfied the actual-innocence exception to the statute of limitations and the procedural-default rule. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why? <u>Petitioner has no explanation other</u> <u>than he relied on his direct appellate counsel to effectuate his interests, and she did not raise the issue</u> <u>on direct appeal or in timely petition for allowance of appeal to the Supreme Court after *Batson* was</u> <u>decided while his case was pending on direct appeal.</u>

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Supplemental Brief in Support of PCHA Petition (June 9, 1993)</u>

Name and location of the court where the motion or petition was filed: <u>Court of Common Pleas</u> <u>of Philadelphia County, Pennsylvania</u>

Docket or case number (if you know): <u>CP-51-CR-1111091-1982</u>

Date of the court's decision: <u>11/30/1995</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied. The court did not</u> <u>address this particular claim in its opinion. See Attachment "9."</u>

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Pennsylvania Superior Court</u>

Docket or case number (if you know): <u>No. 04273 Philadelphia 1995</u>

Date of the court's decision: <u>11/13/1996</u>

Result (attach a copy of the court's opinion or order, if available): <u>Vacated sentence imposed</u> <u>for possession of an instrument of a crime. Affirmed post-conviction relief as to the other</u> <u>claims raised on appeal.</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>Petitioner was constrained to raise the *Batson* issue through a stacked ineffective assistance</u> <u>of counsel claim. Specifically, petitioner raised the issue that his direct appellate counsel was</u> <u>ineffective for failing to raise the freestanding *Batson* claim in a timely petition for allowance of</u> <u>appeal.</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: __N/A__

_____

_____

**GROUND THREE:** Petitioner was deprived of his right to equal protection under the Fourteenth Amendment by the prosecutor's systematic use of peremptory challenges against black jurors, in violation of *Swain v. Alabama*, 380 U.S. 202 (1965).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner incorporates by reference the facts stated above in support of Ground Two. Additionally, at the time of petitioner's trial the Philadelphia District Attorney's Office engaged in and executed a policy of using peremptory strikes to exclude black venirepersons solely based on race. Studies on the use of peremptory challenges in Philadelphia uncovered a pattern of prosecutors using strikes against black venirepersons during the 1980s, including 1983 when petitioner was tried. The trial court in petitioner's case also noted on the record that he has observed a pattern of prosecutors using peremptory strikes against black venirepersons at a disproportionate rate. When the trial court asked whether the District Attorney's Office had a policy of using peremptory strikes against black jurors, the prosecutor remained silent on two occasion and on the third occasion provided an evasive answer. Another judge in different case also acknowledged the practice of the Philadelphia District Attorney's Office to use peremptory strikes against black jurors. A videotape from 1987 shows that the Philadelphia District Attorney's Office modified its existing policy following the *Batson* decision and trained  prosecutors to continue using peremptory strikes against black venirepersons based on prextual reasons.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Petitioner has satisfied the exhaustion requirement on Ground Three because it is clear that his *Swain* claim is now procedurally barred due to state timeliness rules. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that the exhaustion requirement is satisfied if it is clear that [the petitioner's] claims are now procedurally barred under Pennsylvania law"). Noncompliance with state timeliness rules is not a procedural bar to petitioner's *Batson* claim because he has satisfied the actual-innocence exception to the statute of limitations and the procedural-default rule. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

**(c) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes          ☒ No

(2) If you did not raise this issue in your direct appeal, explain why? Petitioner has no other explanation other than that he relied on his direct appellate counsel, who did not raise the issue on direct appeal.

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Pennsylvania Post-Conviction Relief Act Petition (Acting Pro Se)

Name and location of the court where the motion or petition was filed: Court of Common Pleas of

Philadelphia County, Pennsylvania

Docket or case number (if you know): CP-51-CR-1111091-1982

Date of the court's decision: 05/13/2008

Result (attach a copy of the court's opinion or order, if available): Dismissed as untimely. See

Attachment "13"

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Pennsylvania Superior Court

Docket or case number (if you know): No. 1661 EDA 2008

Date of the court's decision: 03/17/2009

Result (attach a copy of the court's opinion or order, if available): Upheld order dismissing claim

as untimely. See Attachment "14."

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Petitioner was deprived of his due-process rights under the Fourteenth Amendment, in
violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed
items and information favorable to the defense that, when viewed collectively, are material.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The
Commonwealth waited until nearly 40 years after Petitioner's trial to disclose a myriad of items and
information that were favorable to the defense, including, but not limited to handwritten notes and a police
activity sheet reflecting that an informant told police that Gregory Strickland said he saw Douglas Haughton

inside the decedent's house at the time of the shootout; the results of Strickland's polygraph test; George Young's polygraph description of the shorter, skinnier shooter male who he saw flee the decedent's house at the time of the offense; a tip from John Howard stating that after the shooting he saw Elliott Burton flee the decedent's residence with a shotgun; information concerning Burton's role as an informant in the homicide investigation; an audio recording of a conversation between Burton and Petitioner's codefendant Gregory Holden; an affidavit of probable cause for a warrant to search Holden's residence; and pre- and post-arrest paperwork for Haughton memorializing that police believed Haughton was one of the two shooters. The Commonwealth appears to agree that most, if not all, of this material would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of his *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interest in judicial economy.

**(c) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   **X** No

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   **X** No

(2) If your answer to Question (d)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?       ☐ Yes    ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  __N/A_____

_____

Docket or case number (if you know): __N/A_____

Date of the court's decision:  __N/A_____

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: __N/A_____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Four: __N/A_____

_____

_____

_____

_____

_____

12.     Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?

☐ Yes        ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: Ground Two was not presented to the Pennsylvania Supreme Court because
Petitioner's first post-conviction counsel and direct appellate counsel did not raise a freestanding
*Batson* claim in his petitions for allowance of appeal. Petitioner has no explanation for his direct
appellate counsel's failure to raise the issue in his petition for allowance of appeal on direct appeal.
His first post-conviction counsel did not raise the issue due to state timeliness rules. It is unclear
whether Ground was included in Petitioner's pro se petition for allowance of appeal from the Superior
Court's March 17, 2009 decision affirming the dismissal of his *Swain* claim. However, either way, the
Pennsylvania Supreme Court never addressed the merits of the *Swain* claim. Additionally, Grounds
Four through Fourteen have not been presented to the Pennsylvania Supreme Court because Petitioner
was unaware of the facts giving rise to those claims until voluntary discovery last year as part of
his federal habeas corpus proceedings.

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so,

which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds Four through Fourteen have not been raised in state or federal court because Petitioner was
unaware of the facts giving rise to those claims until voluntary discovery last year as part of his
federal habeas corpus proceedings.

13.     Have you previously filed any type of petition, application, or motion in a federal court regarding the
conviction that you challenge in this petition?

           ☒  Yes               ☐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the
issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.
Attach a copy of any court opinion or order, if available. The docket number of Petitioner's district court
filings is the same as this Amended Petition. His original habeas corpus petition raised two
stacked ineffectiveness claims involving *Batson* and a freestanding *Bruton* claim. On March 1,
2000, his ineffectiveness claims were denied on the merits, and his *Bruton* claim was denied due to the
procedural-default rule. See Attachment "39." Petitioner filed a Rule 60(b) motion that was denied on May
19, 2005. See Attachment "41." Petitioner's second Rule 60(b) motion was denied on June 25, 2015.
See Attachment "47." Petitioner's counseled and amended third Rule 60(b) motion was granted on March
27, 2013. See Attachment "53." On April 8, 2010, the Third Circuit denied petitioner's application for
leave to file a successive habeas petition. See Attachment "43." On June 28, 2013, the Third
Circuit denied petitioner's second application to file a successive habeas petition. See Attachment
"50." Copies of the relevant federal court filings are attached hereto as Attachments "35" to "53."

14.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or
federal, for the judgment you are challenging?

           ☐  Yes               ☒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and
the issues raised:  N/A

15.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a)  At preliminary hearing:   The Honorable Pamela Pryor Dembe (née Cohen)

(b)  At arraignment and plea:   The Honorable Pamela Pryor Dembe (née Cohen)

(c)  At trial: The Honorable Pamela Pryor Dembe (née Cohen)

_____

(d)  At sentencing: The Honorable Pamela Pryor Dembe (née Cohen)

_____

(e)  On appeal: The Honorable Pamela Pryor Dembe (née Cohen)

_____

(f)  In any post-conviction proceeding: Irene Cotton (PCHA proceedings) and Louis Natali (original habeas

corpus petition proceedings)

(g)  On appeal from any ruling against you in a post-conviction proceeding: Thomas L. McGill, Jr. and

Sheryl Chernoff

_____

16.     Do you have any future sentence to serve after you complete the sentence for the judgment that you
        are challenging?

            ☐ Yes              ☒ No

(a)  If so, give the name and location of the court that imposed the other sentence you will serve in the
     future: N/A

(b)  Give the date the other sentence was imposed: N/A

(c)  Give the length of the other sentence: N/A

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be
     served in the future?

            ☐ Yes              ☐ No

17.     **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you
        must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar
        your petition*
        Per this Court's March 27, 2023 order, Petitioner has satisfied the actual innocence-exception to the one-year
        statute of limitations, which means all three claims are timely. Although Petitioner is not required to
        establish due diligence because he has proven his actual innocence, *see McQuiggin v. Perkins*, 569 U.S. 383,
        398-400 (2013), he submits that Grounds Two and Three are being raised at the earliest possible opportunity
        following the overriding of the procedural bars to those claims. Ground One was asserted within one year of
        of the date on which petitioner's conviction became final.

       * The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of -

      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

      Therefore, petitioner asks that the Court grant the following relief: Grant the Amended Petition for Writ of Habeas Corpus Relief, issue an conditional writ of habeas corpus, and issue an order vacating petitioner's state convictions and sentences and directing that the Commonwealth either retry petitioner or release him from state custody within ninety (90) days of the writ's issuance,

 or any other relief to which petitioner may be entitled.

SIGNATURE CODE: MJE5849

*Signature of Attorney (if any)*

**STRADLEY RONON STEVENS & YOUNG LLP**
Michael J. Engle, Esquire (PA I.D. No. 85576)
Ryan Aloysius Smith, Esquire (PA I.D. No. 329246)
One Commerce Square
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8737
F: (215) 564-8120
mengle@stradley.com
rsmith@stradley.com

*Counsel for Petitioner Bruce Murray*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____.

*(month, date, year)*

Executed (signed) on _*April 25, 2023*_____ (date).

_*Bruce Murray*_____
*Signature of Petitioner*

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

_____

<u>**ADDITIONAL GROUNDS FOR HABEAS CORPUS RELIEF**</u>

**GROUND FIVE:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, the results of Gregory Strickland's polygraph examination.</u>

   (a) Supporting Facts: <u>The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose the results of Gregory Strickland's polygraph examination, which revealed that the polygraph examiner detected deception and concluded that Strickland, who had admitted to being in the decedent's basement at the time of the shooting, was lying about what he knew about what he saw and who killed the decedent. As Strickland admitted in approximately 2000, he saw Douglas Haughton inside the house. Haughton's accomplice testimony, which raised numerous inconsistences and contradictions in the case against Petitioner, was the prosecution's sole evidence incriminating Petitioner at trial, and he testified that only Petitioner and Tyrone Wesson went inside the decedent's house. The prosecution did not offer any other evidence to rebut Petitioner's alibi defense, which was supported with testimony by him and three credible witnesses. The Commonwealth seemingly agrees that Strickland's polygraph results are among the favorable evidence and information that would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.</u>

   (b) If you did not exhaust you state remedies on Ground Five, explain why: <u>Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.</u>

   (c) **Direct Appeal of Ground Five:**

      (1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

      (2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.</u>

   (d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No</u>

      (2) If you answer to Question (d)(1) is "Yes," state:

         Type of motion or petition: <u>N/A</u>

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(3) Did you receive a hearing on your motion or petition? <u>N/A</u>

(4) Did you appeal from the denial of your motion or petition? <u>N/A</u>

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

(6) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: <u>N/A</u>

**GROUND SIX:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, handwritten police</u>

notes and a police activity sheet reflecting that an informant told police that Gregory Strickland said he saw Douglas Haughton inside the decedent's house at the time of the shootout, which was material evidence favorable to the defense.

(a) Supporting Facts: The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose handwritten police notes and a police activity sheet reflecting that an informant told police that Gregory Strickland, a then-sixteen-year-old who was a friend and mentee of the decedent, said he saw Douglas Haughton inside the decedent's house at the time of the shootout. Haughton's accomplice testimony, which raised numerous inconsistences and contradictions in the case against Petitioner, was the prosecution's sole evidence incriminating Petitioner at trial, and he testified that only Petitioner and Tyrone Wesson went inside the decedent's house. The prosecution did not offer any other evidence to rebut Petitioner's alibi defense, which was supported with testimony by him and three credible witnesses. The Commonwealth seemingly agrees that the handwritten notes and the police activity sheet are among the favorable evidence and information that would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.

(b) If you did not exhaust you state remedies on Ground Six, explain why: Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.

(c) **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue? No.

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.

(d) **Post-Conviction Proceedings:**

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? No

(4) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition as filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(5) Did you receive a hearing on your motion or petition? <u>N/A</u>

(6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

(7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

(8) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: <u>N/A</u>

**GROUND SEVEN:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, information relating to Gregory Strickland that could have been used to elicit evidence exculpating Petitioner and impeaching the key Commonwealth's witnesses trial testimony.</u>

(a) Supporting Facts: <u>The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose information relating to Gregory Strickland, including the results of his polygraph examination, handwritten police notes and a police activity sheet reflecting that</u>

Strickland said he saw Douglas Haughton inside the decedent's house, and the fact that before the canceled police lineup Strickland reiterated to police and a prosecutor that he did not see Petitioner at the decedent's house. The Commonwealth seemingly agrees that this information would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.

(b) If you did not exhaust you state remedies on Ground Seven, explain why: Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.

(c) **Direct Appeal of Ground Seven:**

   (1) If you appealed from the judgment of conviction, did you raise this issue? No.

   (2) If you did not raise this issue in your direct appeal, explain why: Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.

(d) **Post-Conviction Proceedings:**

   (3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? No

   (4) If you answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: N/A

   Name and location of the court where the motion or petition as filed: N/A

   Docket or case number (if you know): N/A

   Date of the court's decision: N/A

   Result (attach a copy of the court's opinion or order if available): N/A

   (5) Did you receive a hearing on your motion or petition? N/A

   (6) Did you appeal from the denial of your motion or petition? N/A

   (7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? N/A

(8) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: <u>N/A</u>

**GROUND EIGHT:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, the report from George Young's polygraph examination.</u>

(a) Supporting Facts: <u>The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose the report from George Young's polygraph examination, which included a description of the shorter, skinner male that Young saw flee the decedent's house immediately after the shooting. In his polygraph statement, Young described the man as sixteen years old and 5'6" tall. This fact is significant because Tyrone Wesson, who was one of the two men who fled the decedent's house, was sixteen years old at the time of the offense and, based on his mugshot taken in 1981, more closely matches the description of the shorter, skinnier male. Wesson must have been the shorter, skinnier male because he does not match the physical description of the taller, heavier male that Young saw flee the decedent's house. At the time of the shootout, Petitioner was shorter and skinnier than Wesson, and therefore Petitioner could not have been the taller, heavier male that Young saw flee the decedent's house.</u>

(b) If you did not exhaust you state remedies on Ground Eight, explain why: <u>Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.</u>

(c) **Direct Appeal of Ground Eight:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

    (2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.</u>

(d) **Post-Conviction Proceedings:**

    (3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No</u>

    (4) If you answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: <u>N/A</u>

        Name and location of the court where the motion or petition as filed: <u>N/A</u>

        Docket or case number (if you know): <u>N/A</u>

        Date of the court's decision: <u>N/A</u>

        Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

    (5) Did you receive a hearing on your motion or petition? <u>N/A</u>

    (6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

    (7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

    (8) If you answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

_____

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: <u>N/A</u>

_____

**GROUND NINE:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of _Brady v. Maryland_, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, a tip from someone who saw an alternative suspect flee the decedent's house with a shotgun.</u>

(a) Supporting Facts: <u>The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose a non-anonymous tip from someone who saw Elliott Burton, a former leader of the 20th and Carpenter Street Gang and possible associate of the Philadelphia Black Mafia, flee the decedent's house with a shotgun immediately after the shooting and jump into a 1977/1978 Buick that then drove away. Police determined that a shotgun was one of the two weapons used to kill the decedent, but police never recovered the shotgun even though first responders arrived within minutes of the shooting. The Commonwealth seemingly agrees that the tip about Elliott Burton is among the favorable evidence and information that would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.</u>

(b) If you did not exhaust you state remedies on Ground Nine, explain why: <u>Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's _Brady_ claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.</u>

(c) **Direct Appeal of Ground Nine:**

(1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

(2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware</u> <u>of the existence of the predicate facts giving rise to this issue until 2022, more than 35</u> <u>years after his direct appeal ended. He had no opportunity to raise this issue on direct</u> <u>appeal.</u>

(d) **Post-Conviction Proceedings:**

    (3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No</u>

    (4) If you answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: <u>N/A</u>

        Name and location of the court where the motion or petition as filed: <u>N/A</u>

        Docket or case number (if you know): <u>N/A</u>

        Date of the court's decision: <u>N/A</u>

        Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

    (5) Did you receive a hearing on your motion or petition? <u>N/A</u>

    (6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

    (7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

    (8) If you answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the motion or petition as filed: <u>N/A</u>

        Docket or case number (if you know): <u>N/A</u>

        Date of the court's decision: <u>N/A</u>

        Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine: <u>N/A</u>

_____

_____

_____

**GROUND TEN:** Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of _Brady v. Maryland_, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, the affidavit of probable cause to search Gregory Holden's house and an audio recording of his conversation with a police informant.

(a) Supporting Facts: The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose the affidavit of probable cause to search Gregory Holden's residence and the audio recording of his conversation with Elliott Burton, during which Holden denied his own involvement in the offense and claimed that "Bruce" was shot in the arm during the shootout. Holden's statement was significant because at trial it was revealed that Holden and Petitioner's other codefendant, Tyrone Wesson, was the person shot in the arm during the shootout, and that when Wesson went to the hospital for treatment, he lied and claimed to be "Bruce Murray." However, at trial Wesson's counsel and the prosecution stipulated that the person shot in the arm was either Bruce Murray (Petitioner) or a man pretending to be "Bruce Murray." Petitioner's sister drove Wesson to the hospital after the shooting and, without knowing that Wesson had been involved in an alleged robbery, told him to use Petitioner's personal information because they were concerned about what would happen to Wesson since he was only sixteen years old at the time of his gunshot wound. The Commonwealth seemingly agrees that affidavit of probable cause and the audio recording are among the favorable evidence and information that would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.

(b) If you did not exhaust you state remedies on Ground Ten, explain why: Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's _Brady_ claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.

(c) **Direct Appeal of Ground Ten:**

(1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

(2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.</u>

**(d) Post-Conviction Proceedings:**

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No</u>

(4) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>N/A</u>

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(5) Did you receive a hearing on your motion or petition? <u>N/A</u>

(6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

(7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

(8) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

 

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten: <u>N/A</u>

 

**GROUND ELEVEN:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, the information relating to Gregory Strickland, the report from George Young's polygraph examination, and the tip about the alternative suspect who fled the decedent's house with a shotgun.</u>

(a) Supporting Facts: <u>The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose the results of Gregory Strickland's polygraph examination; handwritten police notes a police activity sheet reflecting that Strickland told Edward Randolph that he saw Haughton inside the decedent's house; George Young's polygraph description of the shorter, skinnier male he saw flee the decedent's house; and John Howard's tip that Elliott Burton fled the decedent's house with a shotgun after the shooting. In a case such as Petitioner's, where the Commonwealth's key witness (Douglas Haughton) was actually one of the only two perpetrators involved in the murder, all of this evidence and information doubles as impeachment material. The Commonwealth seemingly agrees that some, if not all, of undisclosed material are among the favorable evidence and information that would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.</u>

(b) If you did not exhaust you state remedies on Ground Eleven, explain why: <u>Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.</u>

(c) **Direct Appeal of Ground Eleven:**

(1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

(2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.</u>

(d) **Post-Conviction Proceedings:**

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? No

(4) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition as filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order if available): N/A

(5) Did you receive a hearing on your motion or petition? N/A

(6) Did you appeal from the denial of your motion or petition? N/A

(7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? N/A

(8) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order if available): N/A

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven: <u>N/A</u>

_____

_____

_____

_____

**GROUND TWELVE:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, the information pertaining to the alternative suspect's role as a police informant in the homicide investigation.</u>

(a) Supporting Facts: <u>The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose information and evidence pertaining to Elliott Burton's role as a police informant in the homicide investigation. This includes the tip that Burton fled the decedent's house with a shotgun (likely the one used in the killing) immediately after the shooting and the audio recording of Burton's conversation with Gregory Holden, one of Petitioner's codefendants. The Commonwealth seems to agree that the tip and the audio recording are among the favorable evidence and information that would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.</u>

(b) If you did not exhaust you state remedies on Ground Twelve, explain why: <u>Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.</u>

(c) **Direct Appeal of Ground Twelve:**

(1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

(2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.</u>

(d) **Post-Conviction Proceedings:**

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No</u>

(4) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>N/A</u>

Name and location of the court where the motion or petition as filed: <u>N/A</u>

_____

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(5) Did you receive a hearing on your motion or petition? <u>N/A</u>

(6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

(7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

(8) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twelve: <u>N/A</u>

**GROUND THIRTEEN:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, information</u>

relating to Gregory Strickland that could have been used to challenge the paltry homicide investigation.

(a) Supporting Facts: The Commonwealth waited until nearly 40 years after Petitioner's trial to disclose information relating to Gregory Strickland, including the results of his polygraph examination, handwritten police notes and a police activity sheet reflecting that Strickland said he saw Douglas Haughton inside the decedent's house, the fact that before the canceled police lineup Strickland reiterated to police and a prosecutor that he did not see Petitioner at the decedent's house, and the affidavit of probable cause to search Gregory Holden's house, which referenced a "young boy" who fled with the decedent's handgun. The Commonwealth seemingly agrees that this information would have helped create reasonable doubt about Petitioner's guilt in the mind of any reasonable juror.

(b) If you did not exhaust you state remedies on Ground Thirteen, explain why: Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.

(c) **Direct Appeal of Ground Thirteen:**

(1) If you appealed from the judgment of conviction, did you raise this issue? No.

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.

(d) **Post-Conviction Proceedings:**

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? No

(4) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition as filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order if available): N/A

(5) Did you receive a hearing on your motion or petition? <u>N/A</u>

(6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

(7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

(8) If you answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Thirteen: <u>N/A</u>

**GROUND FOURTEEN:** <u>Petitioner was deprived of his right to due process under the Fourteenth Amendment, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, because the Commonwealth suppressed material evidence favorable to the defense, namely, information reflecting that police initially believed the Commonwealth's key witness was one of the two shooters who committed the homicide.</u>

(a) Supporting Facts: <u>The Commonwealth waited nearly 40 years after Petitioner's trial to disclose information reflecting that police initially believed Haughton was one of the two men who went inside the decedent's house and killed him. This information includes Haughton's pre-arrest and post-arrest police paperwork; an attachment to Gregory Strickland's polygraph report; and a police activity sheet in which police memorialized their belief that Haughton was "Scotty."</u>

(b) If you did not exhaust you state remedies on Ground Fourteen, explain why: <u>Petitioner is requesting that the Commonwealth waive the exhaustion requirement given the strength of Petitioner's *Brady* claims, the Commonwealth's recognition of his actual innocence, and the interests of judicial economy.</u>

(c) **Direct Appeal of Ground Fourteen:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? <u>No.</u>

    (2) If you did not raise this issue in your direct appeal, explain why: <u>Petitioner was unaware of the existence of the predicate facts giving rise to this issue until 2022, more than 35 years after his direct appeal ended. He had no opportunity to raise this issue on direct appeal.</u>

(d) **Post-Conviction Proceedings:**

    (3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No</u>

    (4) If you answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: <u>N/A</u>

        Name and location of the court where the motion or petition as filed: <u>N/A</u>

        Docket or case number (if you know): <u>N/A</u>

        Date of the court's decision: <u>N/A</u>

        Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

    (5) Did you receive a hearing on your motion or petition? <u>N/A</u>

    (6) Did you appeal from the denial of your motion or petition? <u>N/A</u>

    (7) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>N/A</u>

    (8) If you answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the motion or petition as filed: <u>N/A</u>

Docket or case number (if you know): <u>N/A</u>

Date of the court's decision: <u>N/A</u>

Result (attach a copy of the court's opinion or order if available): <u>N/A</u>

(9) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Fourteen: <u>N/A</u>

# ATTACHMENTS TO AMENDED PETITION
## FOR WRIT OF HABEAS CORPUS[1]

### State Court Proceedings

**Attachment 1:**    Verdict Report (June 24, 1983)

**Attachment 2:**    Judgment of Conviction and Sentence (April 23, 1984)

**Attachment 3:**    Pa. Superior Court Judgment and Memorandum Opinion (Nov. 1, 1985)

**Attachment 4:**    Letter from Pamela Cohen, Esquire to Bruce Murray (Dec. 10, 1986)

**Attachment 5:**    Pa. Supreme Court Order on Petition for Allowance of Appeal (Nov. 26, 1986)

**Attachment 6:**    Pro Se Post-Conviction Relief Petition (Dec. 30, 1986)

**Attachment 7:**    Counseled and Amended Post-Conviction Relief Petition (Mar. 14, 1986)

**Attachment 8:**    Supplemental Brief in Support of Post-Conviction Relief (June 9, 1993)

**Attachment 9:**    Common Pleas Court Opinion on Denial of Post-Conviction Relief (Feb. 6, 1996)

**Attachment 10:**   Pa. Superior Court Memorandum Opinion – First Petition (Nov. 13, 1996)

**Attachment 11:**   Pa. Supreme Court Order – First Petition (Nov. 10, 1997)

**Attachment 12:**   Pro Se Second Post-Conviction Relief Petition (Feb. 3, 2006)

**Attachment 13:**   Common Pleas Court Order and Opinion on Denial of Second Petition (May 13, 2008)

**Attachment 14:**   Pa. Superior Court Memorandum Opinion – Second Petition (Mar. 17, 2009)

**Attachment 15:**   Pa. Supreme Court Order – Second Petition (Sept. 15, 2009)

**Attachment 16:**   Pro Se Third Petition for Post-Conviction Relief (July 26, 2011)

**Attachment 17:**   Common Pleas Court Order and Opinion on Denial of Third Petition (Oct. 4, 2013)

**Attachment 18:**   Pa. Superior Court Memorandum Opinion – Third Petition (June 19, 2014)

---

[1]    In order to avoid repetition and reduce the number of duplicate documents, material appended to Mr. Murray's state and federal court filings have been omitted.

**Attachment 19:**    Pa. Supreme Court Order – Third Petition (Dec. 12, 2014)

**Attachment 20:**    Pro Se Fourth Petition for Post-Conviction Relief (Aug. 12, 2015)

**Attachment 21:**    Common Pleas Court Order and Opinion on Denial of Fourth Petition (Feb. 3, 2016)

**Attachment 22:**    Pro Se Fifth Petition for Post-Conviction Relief (Feb. 24, 2016)

**Attachment 23:**    Common Pleas Court Order and Opinion on Denial of Fifth Petition (Mar. 8, 2017)

**Attachment 24:**    Pro Se Sixth Petition for Post-Conviction Relief (Apr. 28, 2017)

**Attachment 25:**    Common Pleas Court Order and Opinion on Denial of Sixth Petition (June 6, 2017)

**Attachment 26:**    Pro Se Seventh Petition for Post-Conviction Relief (Aug. 15, 2017)

**Attachment 27:**    Common Pleas Court Order and Opinion on Denial of Seventh Petition (Oct. 27, 2017)

**Attachment 28:**    Pa. Superior Court Memorandum Opinion – Fourth Petition (Jan. 17, 2018)

**Attachment 29:**    Pa. Superior Court Memorandum Opinion – Sixth Petition (Mar. 26, 2018)

**Attachment 30:**    Pa. Superior Court Memorandum Opinion – Seventh Petition (July 13, 2018)

**Attachment 31:**    Pa. Supreme Court Order – Fourth Petition (Nov. 20, 2018)

**Attachment 32:**    Pa. Supreme Court Order – Seventh Petition (Apr. 10, 2019)

**Attachment 33:**    Pro Se Eighth Petition for Post-Conviction Relief (May 24, 2019)

**Attachment 34:**    Common Pleas Court Order and Opinion on Denial of Eighth Petition (July 5, 2022)

## Federal Court Proceedings

**Attachment 35:**    Petition for Writ of Habeas Corpus (Nov. 5, 1998)

**Attachment 36:**    Magistrate Judge Diane M. Welsh Second Report and Recommendation (Jan. 31, 2000)

**Attachment 37:**    Order Denying Pro Se First Rule 60(b) Motion (May 19, 2005)

**Attachment 38:** Application for Leave to File Successive Habeas Corpus Petition (Dec. 15, 2009)

**Attachment 39:** Third Circuit Order Denying Application for Leave (Apr. 8, 2010)

**Attachment 40:** Application for Leave to File Successive Habeas Corpus Petition (June 28, 2013)

**Attachment 41:** Third Circuit Order Denying Application for Leave (Aug. 22, 2013)

**Attachment 42:** Pro Se Second Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) (Jan. 9, 2015)

**Attachment 43:** Order Denying Pro Se Second Rule 60(b) Motion (June 25, 2015)

**Attachment 44:** Third Circuit Order Denying Request for Certificate of Appealability from Denial of Second Rule 60(b) Motion (Dec. 30, 2015)

**Attachment 45:** Application for Leave to File Successive Habeas Corpus Petition (July 28, 2015)

**Attachment 46:** Third Circuit Order Denying Application for Leave (Aug. 27, 2015)

**Attachment 47:** Pro Se Third Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) (Jan. 23, 2018)

**Attachment 48:** Counseled and Amended Rule 60(b) Motion (Nov. 16, 2022)

**Attachment 49:** Order Granting Counseled and Amended Rule 60(b) Motion (Mar. 27, 2023)