# ATTACHMENT 9

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | NOVEMBER TERM, 1982 |
| | | NO. 1109 |
| v. | : | |
| BRUCE MURRAY | : | SUPERIOR COURT |
| | | NO. |

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | JANUARY TERM, 1983 |
| | | NO. 2978 |
| v. | : | |
| GREGORY HOLDEN | : | SUPERIOR COURT |
| | | NO. |

**FILED** FEB 6 1996

CRIMINAL APPEALS UNIT
FIRST JUDICIAL DISTRICT OF PA.

**OPINION**

SAVITT, J.                                                                                          FEBRUARY 6, 1996

**PROCEDURAL HISTORY**

Bruce Murray and Gregory Holden were tried before this court and a jury which on June 24, 1983 found each man guilty of second degree murder, robbery (F1), conspiracy and possession of an instrument of a crime. Post verdict motions were heard and denied on April 23, 1984.

Bruce Murray filed an appeal to Superior Court which affirmed the judgement of sentence on November 1, 1985. His petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 26, 1986. Murray filed a pro se petition on December 30, 1986 under what was then the Post Conviction Hearing Act. Irene Cotton, Esquire was appointed to represent him and filed a supplemental petition on March 14, 1988. The Commonwealth filed a motion to dismiss and on December 12, 1988 Judge James McCruden

D-37

dismissed all but the five of the petitioner's allegations here determined.

Gregory Holden filed his petition under the Post Conviction Hearing Act on November 22, 1985 and on February 28, 1986 the Honorable William A. Meehan, Jr., then in private practice, was appointed to represent him and subsequently filed an amended petition. On February 16, 1988 counsel filed a supplemental amended petition. The Commonwealth's Motion to Dismiss was filed on April 11, 1988 and subsequently denied.

A hearing concerning both petitioners Murray and Holden was held on July 25, 1991 and the matter was continued for testimony of Murray's trial counsel, Pamela Pryor Cohen. On January 16, 1992 the case was transferred to the Honorable Joseph I. Papalini. No further testimony was taken, petitioner Murray's trial counsel having become a judge in the interim. On February 17, 1993 Judge Pamela Pryor Cohen, submitted answers to interrogatories regarding her representation of him and subsequent to that Murray filed a brief in support of his request for PCHA relief.[1]

Following Irene Cotton's death and William Meehan's appointment to the bench, Thomas McGill, Esquire was appointed to represent Murray and Bernard Siegel, Esquire was appointed to represent Holden. The case was transferred to this court on March 2, 1995, which, after affording counsel an opportunity to file supplemental briefs, heard argument on September 21, 1995 and on November 30, 1995 denied both petitioners relief. This appeal followed.

## OPINION

In his petition, petitioner Murray argues that trial counsel was ineffective for

---

[1] The Honorable Lydia Kirkland, who represented Holden at trial was deposed by PCRA counsel William A. Meehan, Jr., Esquire on October 28, 1992.

2

failing to timely file a petition for allowance of appeal to the Pennsylvania Supreme Court. In his petition Holden avers that trial counsel was ineffective for withdrawing the motion to sever the case from that of co-defendant Wesson, and for not advising him of his right to appeal. Both petitioners further argue that they are entitled to a new trial on the basis of the recantation of Douglas Haughton and the after discovered evidence consisting of the testimony of co-defendant Tyrone Wesson.

With respect to the issue of ineffectiveness, counsel is presumed to be effective and the defendant has the burden of proving ineffectiveness. Commonwealth v. Williams, 524 Pa. 218, 570 A.2d 75 (1990); Commonwealth v. McNeil, 506 Pa. 607, 587 A.2d 802 (1985); Commonwealth v. Stinnet, 356 Pa.Super. 83, 514 A.2d 154 (1986). In order to carry this burden the defendant must first show that the claim which counsel failed to raise has arguable merit and that counsel's failure to raise it was without a reasonable basis which would effectuate the defendant's best interests. Strickland v. Washington, 466 U.S. 688 (1984); Commonwealth v. Basemore, 525 Pa. 512, 582 861 (1990); Commonwealth v. Buel, 510 Pa. 363, 508 A.2d 1167 (1986); Commonwealth ex rel Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967). Second, the defendant must show that counsel's ineffectiveness worked to his prejudice. Strickland v. Washington, supra; Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987), Commonwealth v. Buel, supra; Commonwealth v. Garvin, 355 Pa. Super. 560 485 A.2d 36 (1984). In order to show prejudice the defendant must demonstrate that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the trial could have been different. Strickland v. Washington, supra, Commonwealth v. Pierce, supra. Finally to prevail at a second or subsequent PCRA hearing the petitioner must show that because of counsel's errors

a miscarriage of justice occurred. Commonwealth v. Szuchon, supra.

Petitioner Murray's claim that trial counsel was ineffective for failing to timely file a petition for allowance of appeal to the Pennsylvania Supreme Court has no arguable merit. Review by the Supreme Court following Superior Court review is not constitutionally guaranteed but is purely discretionary and will be granted only when there are special and important reasons therefor. Pa.R.A.P.,Rule 1114, 42 Pa.C.S.A., Commonwealth v. Gilbert, 407 Pa.Super. 491, 595 A.2d 1254, allocatur denied, 529 Pa. 640, 600 A.2d 1258 (1991). No such special or important reasons have been shown here and petitioner is not entitled to a new trial on this basis.

Petitioner Holden's claim that trial counsel was ineffective for withdrawing his motion for severance because the redaction of co-defendant Wesson's statement permitted the jury to infer that Holden was one of the guys named in the statement has no merit.

With respect to the issue of redaction, in Commonwealth v. Wharton, 530 Pa. 127, 607 A.2d 710 (1992) the Pennsylvania Supreme Court ruled on the admissibility of two confessions which had been redacted by replacing names with the "other guy". Where the confession of one defendant involves the co-defendant by contextual implication, the court must consider the other evidence presented at trial in order to determine whether the defendant was prejudiced by the admission of the statement. If the prejudicial effect of the admission of the statement is so insignificant when compared to the other evidence that it isclear beyond a reasonable doubt that the error was harmless, no new trial is required.

In the case at bar the statement was redacted by using the words guy and other guys to replace the names of the defendants. This evidence is merely corroborative of the testimony of Douglas Haughten who described the incident and each defendant's participation in

it in detail. Accordingly, there has been no showing that petitioner by the redacted statement was prejudiced and he is not entitled to a new trial on this basis.

There is no merit to petitioner Holden's claim that he is entitled to a new trial because trial counsel failed to advise him of his right to appeal. Petitioner was fully informed of his right to appeal and his right to appointed counsel by this court following his sentencing on April 23, 1984. Further, Judge Kirkland, who had been privately retained, in her deposition, stated that following the outcome of the trial neither the petitioner nor his family ever asked her to appeal. Accordingly, petitioner, is not entitled to a new trial on this basis.

Recanting testimony is exceedingly unreliable, it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true... There is no less reliable form of proof, especially when it involves an admission of perjury. Commonwealth v. Gaddy, 492 Pa. 494, 496, 424 A.2d 1268, 1270 (1981); Commonwealth v. Coleman, 438 Pa. 373, 264 A.2d 649 (1970). Haughton, a co-defendant, testified against Murray and Wesson at trial in return for a plea to third degree murder. His testimony seven years after trial, at the July 1991 hearing bears no indicia of being true and indeed is incredible on its face. He testified at the heaaringthat his testimony at trial was false, but was almost totally unable to recall what that testimony had been. Nor did he remember the terms of his guilty plea to third degree murder. Yet Haughton claimed he could recall the events surrounding the murder which occurred some eleven years prior to his testimony at the PCRA hearing. Finally, Haughton risked no sanctions by so testifying having been sentenced in accordance with the plea agreement and on parole from that sentence at the time he testified. Petitioners are not entitled to a new trial on this basis.

Petitioners' claim that they are entitled to a new trial on the basis of after

5

discovered evidence in the form of Tyrone Wesson's testimony at the July 1991 hearing that petitioners were not involved in the killing has no merit.[2] In order to be entitled to a new trial on the basis of after discovered evidence, a petitioner must show first, that the evidence could not have been obtained prior to the conclusion of trial by the exercise of reasoonablediligence; second, it is not merely corroborative or cumulative; third, is not used solely for impeaching witnesses, and fourth, is of such a nature and character that a different verdict would likely result if a new trial were granted. Commonwealth v. Smith, 518 Pa. 15, 540 A.2d 246 (1988); Commonwealth v. Buehl, 510 Pa. 363, 508 A.2d 1167, cert. denied, Buehl v. Pennsylvania, 488 U.S. 871 (1987).

Not only did Wesson risk nothing by testifying on behalf of petitioner since he was already serving a life sentence for his own conviction, but his testimony at the July 1991 hearing lacked credibility for the same reasons as the testimony of Haughton. Accordingly, this testimony was not of such a nature that a different verdict would result if a new trial were granted and the petitioners are not entitled to relief on this basis.

Petitioners' other claims have no merit and will not be discussed further here.

For the reasons set forth herein petition's PCRA petitions were **denied.**

_____ J.

---

[2]Wesson did not testify at trial.

6