# ATTACHMENT 14

J. S04041/09

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
         Appellee : PENNSYLVANIA
:
v. :
:
BRUCE MURRAY, :
         Appellant : NO. 1661 EDA 2008

Appeal from the Order entered May 13, 2008,
in the Court of Common Pleas, Philadelphia County,
Criminal, No. CP-51-CR-1111091-1982; MC-51-CR-0908431-1982

BEFORE: LALLY-GREEN, GANTMAN, JJ., and McEWEN, P.J.E.

MEMORANDUM: **FILED MARCH 17, 2009**

Appellant, Bruce Murray, appeals from the order that denied his second petition seeking post conviction relief[1] from the judgment of sentence to serve an aggregate term of life plus one to two years imprisonment, a sentence imposed on April 23, ***1984***, after a jury found him guilty of murder of the second degree, robbery, conspiracy, and possession of instruments of crime. We affirm.

On June 24, 1983, a jury found appellant guilty of the abovementioned crimes. The trial court, on April 23, 1984, imposed a life sentence upon the conviction for murder, a consecutive term of imprisonment of from one year to two years for conspiracy, and a concurrent term of imprisonment of from

---

[1] Appellant filed the present petition pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

CP-51-CR-1111091-1982 Comm. v. Murray, Bruce
Affirmed - Superior Court



2378690231

one year to two years for possessing instruments of crime. This Court, on November 1, 1985, affirmed the judgment of sentence. Appellant, on December 5, 1985, filed an untimely petition of allowance of appeal in the Pennsylvania Supreme Court. The Pennsylvania Supreme Court, on November 26, 1986, denied that petition without prejudice to appellant's right to seek post conviction collateral review.

Appellant filed his first petition for post conviction relief in December of 1986, and, following the appointment of counsel, submitted an amended petition in March of 1988. The trial court summarily denied relief on all but five of appellant's claims, and then convened an evidentiary hearing to consider the remaining claims. However, counsel for appellant died prior to the rendering of a decision upon appellant's claims, and the trial court appointed new counsel to represent appellant. After hearing arguments, the trial court, on November 30, 1995, denied appellant's first petition for post conviction relief.

Appellant brought an appeal from the denial of his first petition, and this Court, on November 13, 1996, affirmed the order in part, but concluded that the imposition of the concurrent sentence of from one year to two years for possessing instruments of crime was illegal. Therefore, we vacated that portion of the sentence, but otherwise affirmed the denial of appellant's requests for post conviction relief. ***Commonwealth v. Murray***, 688 A.2d 1229 (Pa.Super. 1996) (unpublished memorandum). The Pennsylvania

Supreme Court, on November 10, 1997, denied appellant's petition for allowance of appeal. **Commonwealth v. Murray**, 550 Pa. 680, 704 A.2d 636 (1997).

More than nine years later, on February 3, 2006, appellant filed *pro se* a second petition for post conviction relief. Although the present petition was appellant's second, the trial court appointed counsel to represent appellant in this proceeding. Counsel, on February 5, 2008, sought to withdraw from representation, and submitted a "no-merit" letter pursuant to **Turner/Finley**. The trial court, on that same day, issued a notice of its intent to dismiss appellant's second petition without a hearing. **See:** Pa.R.Crim.P. 907. Appellant, on May 5, 2008, filed a response to the Rule 907 notice, after which the trial court, on May 13, 2008, entered an order that granted counsel's petition to withdraw and dismissed appellant's second petition as untimely. This appeal followed.[2]

Appellant, in the *pro se* brief he has submitted in support of this appeal, did not set forth any specific questions presented in this appeal, thus contravening the requirements of Pennsylvania Rule of Appellate Procedure 2116(a). **See:** Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and

---

[2] The Commonwealth did not file a responsive brief or letter in this appeal, and appellant has filed a motion to compel the Commonwealth to file a brief. The Commonwealth has not responded to the motion of appellant, but, most importantly, by failing to file a brief, has utterly failed in its responsibility to effectively represent its position, which presumably would have this Court affirm the trial court.

circumstances of the case but without unnecessary detail. ... ***No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby***). Thus, any further argument may be deemed waived. ***See: Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa.Super. 1993), Nonetheless, since the timeliness of this petition is a threshold question, and because appellant essentially argues that the trial court erred in its conclusion that he failed to prove an exception to the PCRA time bar, we will proceed to consider appellant's contentions that he is entitled to relief based upon (1) his discovery of the "Sagel" lecture, and (2) the alleged newly discovered evidence of improper police tactics.[3] ***See generally: Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003), ***appeal denied***, 583 Pa. 695, 879 A.2d 782 (2005).

This Court, when reviewing the propriety of an order dismissing a PCRA petition on timeliness grounds, determines whether the decision of the trial court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Abu-Jamal***, 574 Pa. 724, 731, 833 A.2d 719, 723

---

[3] Appellant, in his brief, also contends that the trial court improperly dismissed his petition without considering his response to the Rule 907 notice. The record, however, belies this contention and reveals that appellant filed his response to the Rule 907 notice on May 5, 2008, and that the trial court amply considered the argument set forth in appellant's response in both its order of May 13, 2008, dismissing the petition, and its opinion of September 4, 2008. Moreover, the basis for the dismissal of appellant's petition was not the failure to respond to the Rule 907 notice, but the untimeliness of appellant's petition. Therefore, this claim of error warrants no further consideration.

(2003), **cert. denied**, 541 U.S. 1048, 124 S.Ct. 2173, 158 L.Ed.2d 742 (2004). The findings of the trial court with regard to the timeliness of a PCRA petition will not be disturbed unless there is no support for those findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001).

Since the timeliness of a petition is jurisdictional, we must first address whether the present petition was timely filed. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa.Super. 2007), **appeal denied**, 597 Pa. 715, 951 A.2d 1163 (2008). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petitioner pleads and proves that at least one of the statutory exceptions to the time for filing the petition is met. **See:** 42 Pa.C.S. § 9545(b)(1)(i)–(iii); **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 76, 753 A.2d 780, 783 (2000).[4] A PCRA petition invoking one of

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The petitioner bears the burden of establishing that an exception to the time bar applies. **Commonwealth v. Beasley**, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999).

In this instance, the judgment of sentence was entered on April 23, 1984, and this Court affirmed the judgment of sentence on November 1, 1985. While appellant filed an untimely petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on November 26, 1986, his judgment of sentence became final on December 1, 1985, upon the expiration of the thirty-day period in which to file a timely petition for allowance of appeal. **See: Commonwealth v. Brown**, 596 Pa. 354, 361, 943 A.2d 264, 268 (2008). Thus, the present petition, which appellant filed on February 3, 2006, was untimely on its face.

Appellant, however, contends that he is entitled to relief based upon his recent discovery of notes taken during a lecture by Bruce Sagel, which evidenced a policy of racially discriminatory jury selection practices in the Philadelphia District Attorney's Office. However, the Pennsylvania Supreme Court has specifically considered the import of the Sagel lecture and

---

> provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

concluded that mere reference to the lecture or the notes therefrom could not prove either governmental interference or a prior unknown fact so as to excuse the untimeliness of a PCRA petition. Indeed, the Pennsylvania Supreme Court observed:

> Mr. Lentz's notes from Mr. Sagel's lecture are simply another, albeit more specific, source for the same general allegations of racial discrimination in jury selection in the Philadelphia District Attorney's Office that were leveled in 1997. Like the McMahon videotape, the notes do not establish a policy or general practice of racial discrimination in jury selection in the District Attorney's Office. **The notes also are not relevant to the specifics of jury selection during Appellant's prosecution because they were produced after Appellant's trial and are not linked in any way to the prosecutor in Appellant's case.**

***Commonwealth v. Marshall***, 596 Pa. 587, 600, 947 A.2d 714, 722 (2008) (emphasis supplied). Following our review, we conclude that the rationale set forth by the Court in ***Marshall*** governs the facts of the present case, and that appellant's reference to the Sagel lecture could not excuse the untimeliness of his second petition. Therefore, we detect no error in the trial court's conclusion that it lacked jurisdiction to consider the merits of appellant's claim that this discovery constituted "newly discovered evidence."

Appellant next contends that he is entitled to PCRA review based upon an undated letter, addressed to the Centurion Ministries, in which Gregory Strickland asserted that police investigators attempted to have him identify appellant. However, as the trial court observed, appellant averred that he

first became aware of Strickland's letter in 2001. Although appellant now contends that he was not able to secure and maintain a copy of the letter until November 9, 2005, because prison officials confiscated his possessions,[5] it is apparent that his claimed exception to the time bar cannot be sustained, since the present PCRA petition, which was filed on **February 3, 2006**, was not filed within sixty days of the date appellant averred that the claim could have been presented. ***See:*** 42 Pa.C.S. § 9545(b)(2). ***See also: Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa.Super. 2007), ***appeal denied***, ___ Pa. ___, 948 A.2d 803 (2008). Thus, we detect no basis upon which to disturb the ruling of the trial court that appellant did not prove an exception to the PCRA time bar.

Order affirmed. Motion to Compel Commonwealth to File a Brief denied.

Judgment Entered.

*[signature]*
Prothonotary

Date: MAR 17 2009

---

[5] ***See:*** Brief of Appellant Argument, pp. 5-6.